UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Flava Works, Inc.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | Case No. |
| | ) | |
| | ) | |
| v. | ) | **COMPLAINT** |
| | ) | |
| **John Does 1 to 293,** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiff, Flava Works, Inc. (hereinafter "Plaintiff" or "Flava Works"), by and through its attorney, Meanith Huon, and for its Complaint against the Defendants, John Does 1 to 293, states as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.* and a related civil conspiracy claim under the common law. Plaintiff brings this action to stop Defendants from willful infringing, and promoting, encouraging, enabling and facilitating the infringement of Plaintiff's copyrights, trademarks and trade dress (collectively "Flava Works' Intellectual Property") on the Internet.

2. Plaintiff plans to file a motion for expedited discovery to discover the identity of the John Doe Defendants, who copied and/or distributed Plaintiff's copyrighted works via

1

BitTorrent file technology.

## THE PARTIES

3. Plaintiff is a corporation incorporated under the laws of the State of Florida with its principal place of business in both Florida and Illinois, with offices located at 2610 N. Miami Ave., Miami, Florida 33127 and 933 W. Irving Park Rd., Ste. C, Chicago, Illinois 60613.

4. On information and belief, at all relevant times, Defendants, John Does 1-293 (hereinafter collectively "John Does" or individually "John Doe 1," "John Doe 2," etc.), are individuals and/or business entities whose real identities are currently unknown and whose whereabouts are currently unknown. On information and belief, Defendants, John Does 1-293, actively contributed to this infringement by posting files, storing videos, sharing files, and/or posting links on the site.

5. Plaintiff knows the Internet Protocol address ("IP address") of each Defendant, whose identifies are unknown to Plaintiff. An IP address is a number assigned to each device connected to the Internet. Using a BitTorrent application, Plaintiff captured the IP addresses of individuals who were downloading, copying, sharing and/or reproducing Plaintiff's copyrighted works. Some of the IP addresses are attached as Exhibit "B".

6. Plaintiff plans to file a motion for leave to conduct expedited discovery on Internet Service Providers ("ISPs") to identify the Defendants, John Does.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, § 1338 and § 1367; pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq.*. This Court has

supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is so related to Plaintiff's copyright infringement claim.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and/or 28 US.C. §1400(a) because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this district. On information and belief, each Defendant may be found in this District and/or a substantial part of the acts of infringement complained of herein occurred in this District.

9. On information and belief, personal jurisdiction in this District is proper because each Defendant, without consent or permission of the Plaintiff as exclusive rights owner, distributed and offered to distribute over the Internet copyrighted works for which the Plaintiff has exclusive rights. Such unlawful distribution occurred in almost every jurisdiction in the United States, including this one.

**FACTS**

12. Plaintiff is a corporation that produces adult entertainment in the form of DVDs, magazines, websites, pictures, streaming video and various other media.

13. Plaintiff distributes its adult entertainment through various distributors and licensees, as well as through its websites: www.FlavaMen.com, www.CocoDorm.com, www.CocoStore.com, www.PapiCock.com, and www.ThugBoy.com, among others.

14. Plaintiff has applied for and has registered various copyrights for its works.

15. Plaintiff created, produced, and release the video "Thugboy V.11-Running from the Dick". Plaintiff holds the copyright to this video. See attached Exhibit A.

16. On information and belief, Defendants downloaded, shared, copies, and/or reproduced Plaintiff's copyrighted work via BitTorrent technology.

17. Plaintiff used BitTorrent application software to monitor and capture in real time the BitTorrent-based swarm involved in distributing the aforesaid video. A log of the IP addresses identifying each Defendant and the date and of each Defendant is attached as Exhibit "B".

### COUNT I – COPYRIGHTINFRINGEMENT

1-17. Plaintiff incorporates and re-alleges paragraphs 1-17 of Complaint as paragraphs 1-17 of Count I.

18. Defendants' conduct interferes with Plaintiff's exclusive right to reproduce, distribute and display the copyrighted works.

19. Defendants' conduct constitutes copyright infringement that this Court may remedy under Sections 106 and 501 of the Copyright Act. 17 USC 106 and 17 USC 501.

20. Defendants' conducts were willful within the meaning of the Copyright Act.

21. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief

### COUNT II – CIVIL CONSPIRACY

1-17. Plaintiff incorporates and re-alleges paragraphs 1-17 of Complaint as paragraphs 1-17 of Count I.

18. Each Defendant engaged in a concerted action with other Defendants via BitTorrent Technology to copy, reproduce, share and/or distribute Plaintiff's copyrighted works in the torrent swarm.

19. In furtherance of this civil conspiracy, each of the Defendant committed overt tortious or unlawful act by downloading, copying, sharing, reproducing, or distributing a piece of the BitTorrent file.

20. Defendants' conducts were willful within the meaning of the Copyright Act.

21. As a result of the injury suffered by Plaintiff's business from Defendants' actions of direct copyright infringement, Plaintiff is entitled to recover actual and/or statutory damages, which shall be determined at trial, and costs of this action, including reasonable attorney's fees, as well as injunctive relief .

**WHEREFORE** Plaintiff, Flava Works, Inc. respectfully requests that this Honorable Court enter the following:

1. A judgment in its favor of Plaintiff, Flava Works, Inc. and against the Defendants, John Does 1 to 293.

2. For a temporary restraining order, preliminary injunction, and permanent injunction against Defendants and their aliases, his agents, servants, representatives, employees, attorneys, parents, subsidiaries, related companies, partners, successors, predecessors, assigns, and all persons acting for, with, by,

through, or under Defendants and each of them during the pendency of this action as preliminary injunction and permanently thereafter from:

a. Restraining and enjoining Defendants from posting on any website(s) material that infringes Flava Works' Intellectual Property, as well as from facilitating the posting on any website(s) by third parties infringing material and/or links which enable the easy access to Flava Works' Intellectual Property that is located on third party websites;

b. Restraining and enjoining Defendants from otherwise distributing, reproducing, using, copying, streaming, making available for download, or otherwise exploiting Flava Works' Intellectual Property, including Plaintiff's copyrighted works, trademarks, trade dress, or any other product or symbol with the indicia of Plaintiff's ownership, through use of their website(s) or otherwise;

c. Restraining and enjoining Defendants from doing any other act, through his website(s) or otherwise, which shall confuse, deceive, cause mistake, etc. among the relevant trade and general public as to the association, sponsorship and/or approval between Plaintiff and any website(s);

d. Restraining and enjoining Defendants from otherwise Using, copying or otherwise exploiting Plaintiff's copyrights and copyrighted works;

e. Restraining and enjoining Defendants from otherwise using, disclosing. converting, appropriating. retaining. selling, transferring or copying any property of Plaintiffs;

   f. Restraining and enjoining Defendants from otherwise using any of the Plaintiff's marks attached hereto or any colorable imitation of any of the marks in connection with the distribution of images and content at Defendants' website;

   g. Restraining and enjoining Defendants from otherwise doing any other act or thing likely to, or calculated to, induce the belief that Defendants or Defendants' business is in any way affiliated, connected, associated with Plaintiff, or Plaintiff's business;

   h. Restraining and enjoining Defendants from otherwise unfairly competing with plaintiffs in any manner.

3. Requiring Defendants to submit to the Court and to serve upon Plaintiff a report, written under oath, setting forth in detail the manner and form in which Defendant has complied with the terms of this injunction;

4. Disgorging Defendants of any profits they may have made as a result of his infringement of Flava Works' Intellectual Property;

5. Awarding Plaintiff the actual damages sustained by Plaintiff as a result of Defendants' infringement of Flava Works' Intellectual Property, the amount of which is to be determined at trial;

6. Awarding Plaintiff compensatory and punitive damages, as deemed just and proper by this Court, as a result of the willful misconduct on the part of the Defendants;

7. Awarding Plaintiff the costs of this action, together with reasonable attorney's fees;

8. In the alternative, awarding Plaintiff enhanced statutory damages, pursuant to 15 U.S.C. § 504(c)(2) of the Copyright Act, for Defendants' willful infringement of Plaintiff's copyrighted works;

9. Requiring within ten (10) days after the entry of an order for either preliminary or permanent injunction, Defendants be required to turn over any files bearing any of Plaintiff's trademarks;

10. Requiring Defendants to deliver up for destruction all video files, BitTorrent files, DVDs containing Plaintiff's copyrighted works.

11. Awarding punitive damages.

12. Awarding any such other and further relief as this Court deems just, reasonable and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues properly triable by jury in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  
October 1, 2012

Respectfully Submitted,

By: /s/ Meanith Huon /s/  
Meanith Huon

Meanith Huon  
ARDC No.: 6230996  
PO Box 441  
Chicago, IL 60690  
312-405-2789

Flava Works, Inc.  
933 W. Irving Pk. Rd., Ste. C  
Chicago, IL 60613

Case: 1:12-cv-07869 Document #: 3 Filed: 10/01/12 Page 9 of 9 PageID #:11

9