UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

Flava Works, Inc.,            )
                                   )
                Plaintiff,     )     Case No.   12-CV-7869
                                   )
                                   )
      v.                          )
                                   )
John Does 1 to 293,       )
                                   )
                                   )
                                   )
                                   )
                                   )
              Defendants.    )

## ORDER

This cause coming before the Court on Plaintiff, Flava Works, Inc.'s Motion for Entry of

Proposed Order to Provide Further Protections of the John Does Defendants 1-293, Flava

having agreed to reimburse the costs of certain Internet Service Providers ("ISPs"), certain

ISPs having agreed to withdraw its objections, due notice being given, the Court being fully

advised in the premises;

It is hereby ordered that:

    1)     This Order only applies to those ISPs that have entered into an agreement
with Plaintiff regarding the reimbursement of costs and that have withdrawn their
objections.

    2)     This Order does not apply to any ISP that continues to object to Plaintiff's
subpoena.

    3)     Plaintiff may subpoena the Internet Service Providers ("ISPs") under
Federal Rule of Civil Procedure 45 and seek information sufficient to identify each John Doe
defendant, including: name, current and permanent address, and Media Access Control
("MAC") address.  This Order imposes no discovery obligations on the John Doe
defendants themselves.

    4)     The ISPs may serve each John Doe defendant notice of Plaintiff's subpoena

or the Court's order(s) using any reasonable means, including written notice sent to their last known address, transmitted either by first-class mail or via overnight service.

5) The John Doe defendants shall have 30 days from the date of notice provided by the respective ISP of the Plaintiff's subpoena to file any motions with this Court contesting the subpoena (including a motion to quash or modify the subpoena), as well as any request to litigate the subpoena anonymously. The ISPs may not turn over the Doe defendants' identifying information to Plaintiff before the expiration of this 30-day period.

6) Additionally, if a John Doe defendant files a motion to quash the subpoena, the ISPs may not turn over any information to Plaintiff until the issues have been addressed and the Court issues an order instructing the ISPs to produce the requested discovery.

7) A John Doe defendant who wishes to proceed anonymously shall send a letter to the Court (without disclosing his or her identity) requesting permission to proceed anonymously and identifying himself or herself by IP address and Doe number (which can be found on the list of IP addresses and associated Doe numbers provided by Plaintiff to the ISPs).

8) A John Doe defendant may also file a motion to quash or modify the subpoena at the same time, identifying themselves by IP address and Doe number only. If the ISP is notified by a Doe defendant that the Doe defendant has submitted a request to proceed anonymously, the ISP shall not disclose the Doe defendant's personal information until the Court rules on the motion.

9) It is further ORDERED that as to any Doe defendant whose identifying information is known to Plaintiff, if that Doe defendant applied to proceed anonymously, Plaintiff shall identify such Doe defendant on any filings only by their IP address and Doe number until further order of this Court.

10) It is further ORDERED that if that 30-day period lapses without a Doe defendant contesting the subpoena, the ISPs shall produce the information responsive to the subpoena to Plaintiff.

11) A Doe defendant who moves to quash or modify the subpoena, or to proceed anonymously, shall at the same time as his or her filing also notify all ISPs so that the ISPs are on notice not to release any of the Doe defendant's contact information to Plaintiff until the Court rules on any such motions.

12) It is further ORDERED that any information ultimately disclosed to Plaintiff in response to a Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting its rights in this lawsuit or any future litigation.

13)     This Order does not reflect any decision of the Court regarding whether venue, jurisdiction, or permissive joinder in this case are appropriate. Such issues will be revisited at a later date.

DATE:     JAN 1 4 2014

ENTERED:

JUDGE