IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 12 C 07869 |
| | ) | |
| v. | ) | Judge Joan H. Lefkow |
| | ) | |
| | ) | |
| JOHN DOES 1 TO 293, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This is one of many recent Internet copyright infringement cases filed in this district and in districts across the country. Courts have described the typical trajectory of these cases as follows: The plaintiff, who owns a copyright in the infringed media (often pornographic), claims that the unnamed defendants illegally downloaded the media using software called "BitTorrent." Although the plaintiff does not have access to the identity of the defendants, it is able to obtain the internet protocol addresses ("IP addresses") of the alleged infringers, and it uses these IP addresses to identify the unnamed defendants in its suit. The plaintiff then seeks discovery from the internet service providers ("ISPs") for these IP addresses to identify the defendants. After the defendants are identified, they are served with the complaint. *See Malibu Media, LLC* v. *Does 1-68*, Nos. 12 C 6675, 12 C 6677, 2013 WL 5423872, at *1 (N.D. Ill. Sept. 27, 2013).

The putative defendants and the subpoenaed ISPs have developed several theories in an attempt to dismiss or curtail these actions, several of which are evident in the motions pending before the court in this case. "While numerous district court judges have ruled on such motions,

these disputes have yet to percolate up to the Seventh Circuit, leaving each district court to plot its own course in handling this influx of litigation." *Id.*

The following motions are currently pending in this case:

(1) Motion of Flava Works, Inc. ("Flava") to compel Comcast Cable Communications, LLC, as amended (dkts. 19, 20);

(2) Flava's motion to compel Universal Cable Holdings, Inc. (d/b/a Suddenlink Communications) (dkt. 21); and

(3) a putative defendant's motion to dismiss complaint and issue protective order (dkt. 29).

Because the motions raise common issues, the court considers them together. For the reasons set forth below, the court grants plaintiff's motion to compel Comcast, denies plaintiff's motion to compel Suddenlink, and denies the putative defendant's motion to dismiss but grants its request for anonymity. In addition, the court denies discovery from ISPs (or if already completed, bars use of information discovered) with respect to IP addresses located outside of Illinois.

## BACKGROUND[1]

Flava is a corporation incorporated under the laws of the State of Florida with offices located in Miami, Florida and Chicago, Illinois. Flava produces adult entertainment, including pictures and video, and distributes its media through various distributors and its own websites. Flava holds the copyright to the video, "Thugboy V.11-Running from the Dick," and alleges that defendants illegally downloaded and shared the video using BitTorrent. A recent opinion in this district describes BitTorrent as follows:

---

[1] The facts related to this suit are taken from the complaint. (Dkt. 3.)

> [T]he BitTorrent protocol breaks up large digital files into smaller pieces. Participants in a BitTorrent file-sharing instance (a "swarm") download these individual pieces from other peer participants. When an individual piece has been downloaded, the protocol permits a participant to make that piece available for peers to download. When a participant has downloaded copies of all the pieces that made up the original file, the software assembles a copy of the file from the constituent pieces. After his or her own copy is assembled, the user may elect to leave the BitTorrent software running, which makes pieces of the file available for new peers to download. A BitTorrent user may leave the swarm at any time, before or after completing her download, ending her participation in both downloading and sharing. A user may also rejoin the swarm at a later time to complete her download or to continue sharing pieces with other peers. Thus, while a participant in the swarm is downloading the file, and possibly even afterwards, that participant may also be acting as a source for the download of portions of the file by other peers in the swarm.

*Purzel Video GmbH* v. *Does 1-108*, No. 13 C 0792, 2013 WL 6797364, at *2 (N.D. Ill. Dec. 19, 2013).

Flava used BitTorrent application software to determine the IP addresses of participants involved in an August 30, 2012 swarm that distributed the Thugboy video.[2] (Dkt. 3 at 4.) Attached as Exhibit B to the complaint is a list of IP addresses, the date and time of the alleged file sharing by each IP address, the ISP for each IP address, and the location (by city, state and country) of each IP address.[3] (*Id.*, Ex. B.) Eleven of the 293 John Doe defendants have IP

---

[2] Exhibit B to the complaint lists IP addresses associated with swarms on both August 30, 2012 and September 28, 2012. Flava moved to voluntarily dismiss the sixteen John Doe defendants related to IP addresses logged on September 28, 2012 and the court granted the motion. (Dkts. 39, 53.)

[3] Several of the entries on Exhibit B to the complaint do not include information regarding the city or state in which the IP address is located.

addresses within Illinois.[4] (*See* Dkt. 44, Ex. C.) Flava asserts claims of copyright infringement and civil conspiracy against the defendants. (Dkt. 3 at 4-5.)

After filing its complaint, Flava filed a motion for leave to take limited and expedited discovery from ISPs to determine the identities of the John Doe defendants. (Dkt. 7.) The motion was granted (dkt. 9) and Flava issued subpoenas to several ISPs for records relating to the identified IP addresses. Comcast and Suddenlink (the "Objecting ISPs") objected to the subpoenas and the court ordered Flava to move to compel them to comply with the subpoenas. (Dkt. 18.) Flava's motions to compel Comcast and Suddenlink are similar (dkts. 20, 21), and Comcast and Suddenlink responded with similar oppositions (dkts. 33, 34).[5] The Objecting ISPs argue that the subpoenas impose an undue burden on them and are not reasonably calculated to lead to discovery of evidence relevant to the pending claims. Specifically, they argue that (1) Flava's subpoenas impermissibly seek personal information of subscribers who reside outside of this district and the subscribers should not be subject to Flava's arbitrarily selected forum; (2) the defendants are improperly joined; and (3) Flava's litigation tactics are unfair. Flava responds that the court has jurisdiction over the defendants and the joinder is proper, and requests that the court determine a reasonable fee for the Objecting ISPs' compliance with the subpoena.

---

[4] At the request of the court, Flava identified the eleven IP addresses with locations traced to Illinois. (Dkt. 44 at 1, Ex. C.) In the same filing, Flava provided additional argument on its motions to compel. The ISPs subject to the motions to compel objected to Flava's additional argument as untimely and moved to strike. (Dkt. 45.) The court granted the motion to strike and only considers the IP address information contained in Flava's filing. (Dkt. 47.)

[5] In its motions to compel, Flava withdrew its request for Media Access Control address, credit card and other payment information linked to the IP addresses, and appears to have limited its request to "telephone numbers and email addresses." (Dkts. 20 at 3, 21 at 3.)

In addition, a putative defendant associated with IP address 173.17.92.42 ("Defendant X") moved to dismiss the complaint. (Dkt. 29.) The motion to dismiss raises several of the same issues as are raised in the motions to compel. Defendant X argues that (1) the court does not have personal jurisdiction over Defendant X; (2) the defendants are improperly joined; and (3) Flava obtained the IP addresses of the defendants by using the VUZE BitTorrent software outside of the terms of its license. Further, Defendant X requests a protective order to prevent the release of personal information related to the IP addresses collected by Flava until final judgment is entered.

The court will address the common issues of personal jurisdiction and joinder first, and then take up the motions to compel and motion to dismiss in turn.

## ANALYSIS

**I.     Personal Jurisdiction**

Rule 12(b)(2) permits dismissal of a claim based on lack of personal jurisdiction. *See* Fed. R. Civ. P. 12(b)(2). Because the Copyright Act does not provide for nationwide service of process, "a federal court sitting in Illinois may exercise [personal] jurisdiction over [the defendant] in this case only if authorized both by Illinois law and by the United States Constitution." *Millenium TGA* v. *Doe*, No. 10 C 5603, 2011 WL 7444064, at *1 (N.D. Ill. Sept. 26, 2011) (quoting *be2 LLC* v. *Ivanov*, 642 F.3d 555, 558 (7th Cir. 2011)). Illinois law allows personal jurisdiction to the extent authorized by the Fourteenth Amendment's Due Process Clause, which merges the federal constitutional and state statutory inquiries together. *See Tamburo* v. *Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Under the Illinois long-arm statute,

personal jurisdiction can be general or specific. *See uBid, Inc.* v. *GoDaddy Group, Inc.*, 623 F.3d 421, 425 (7th Cir. 2010).

In this case, Flava has not made a *prima facie* showing that the court has jurisdiction over the John Doe defendants with out-of-state IP addresses. Flava has not asserted that these defendants have the necessary "continuous and systematic" contacts with Illinois to establish general personal jurisdiction. *See Tamburo*, 601 F.3d at 701. Nor has Flava asserted any facts that support specific personal jurisdiction, which requires that "(1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Id.* at 702 (citing *Burger King Corp.* v. *Rudzewicz*, 471 U.S. 462, 472-76, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)). There is no indication that the out-of-state John Doe defendants "purposely exploited or targeted the Illinois market." *Millenium TGA*, 2011 WL 7444064, at *2; *see also On the Cheap, LLC* v. *Does 1-5011*, 280 F.R.D. 500, 505 (N.D. Cal. 2011) (rejecting argument that BitTorrent users subject themselves to jurisdiction in every state because defendant must purposefully avail itself of privilege of conducting activities in forum); *Labtest Int'l, Inc.* v. *Ctr. Testing Int'l Corp.*, 766 F. Supp. 2d 854, 861 (N.D. Ill. 2011) (finding in internet infringement case that "harm to the plaintiff in the forum is not enough to establish jurisdiction").[6]

Flava attempts to establish personal jurisdiction over the out-of-state defendants through a conspiracy theory of jurisdiction (dkt. 41 at 2), which requires that a plaintiff "(1) make a

---

[6] Furthermore, Flava did not allege that any defendant joined Flava's website and consented to a forum selection clause, which the court found was the only basis for personal jurisdiction in *Flava Works, Inc.* v. *Rowader*, No. 12 C 7181, 2012 WL 5845648 (N.D. Ill. Nov. 16, 2012).

*prima facie* showing of a conspiracy (i.e., point to evidence showing the existence of the conspiracy and the defendant's knowing participation in that conspiracy); (2) allege specific facts warranting the inference that the defendant was a member of the conspiracy; and (3) show that the defendant's co-conspirator committed a tortious act pursuant to the conspiracy in the forum." *Bryant* v. *QuiBids LLC*, No. 11 C 1013, 2012 WL 394154, at *5 (N.D. Ill. Feb. 3, 2012) (quoting *United Phosphorus, Ltd.* v. *Angus Chem. Co.*, 43 F. Supp. 2d 904, 912 (N.D. Ill. 1999)). Conspiracy requires an agreement between the co-conspirators, which Flava fails to allege in its complaint. *See Mosley v. City of Chicago*, 614 F.3d 391, 399 (7th Cir. 2010); *see also Pac. Century Int'l, Ltd.* v. *Does 1-37*, 282 F.R.D. 189, 195 (N.D. Ill. 2012) (holding claims of civil conspiracy failed because plaintiff failed to allege agreement between BitTorrent users); *Hard Drive Prods., Inc.* v. *Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D. Ill. Oct. 12, 2011) (same). Thus Flava has not made a *prima facie* showing of conspiracy, and personal jurisdiction over out-of-state defendants fails on the conspiracy theory also.

Although support for personal jurisdiction may be thin, in similar cases courts in this district have denied putative defendants' motions to dismiss for lack of personal jurisdiction because the movants have not yet been named as parties in the actions. *See First Time Videos, LLC* v. *Does 1-500*, 276 F.R.D. 241, 251 (N.D. Ill. 2011) ("Defendants cannot be dismissed under Federal Rule of Civil Procedure 12(b)(2) from a lawsuit to which they are not yet parties."); *see also Malibu Media, LLC* v. *Does 1-6*, 291 F.R.D. 191, 206 (N.D. Ill. 2013); *First Time Videos, LLC* v. *Does 1-76*, 276 F.R.D. 254, 259 (N.D. Ill. 2011); *MGCIP* v. *Does 1-316*, No. 10 C 6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011). Furthermore, a district court generally should not *sua sponte* dismiss claims based on a lack of personal jurisdiction because

7

the defendant may waive the defense. *See Ins. Corp. of Ir., Ltd.* v. *Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-05, 12 S. Ct. 2099, 72 L. Ed. 2d 492 (1982). Courts have deviated from this rule in rare cases. *See, e.g., Sun* v. *Asher*, No. 91-2646, 1992 WL 205671, at *4 (7th Cir. Aug. 20, 1992) (affirming *sua sponte* dismissal of claim based on personal jurisdiction where court had previously dismissed similar claim on same basis); *Sinoying Logistics Pte Ltd.* v. *Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (affirming *sua sponte* dismissal on personal jurisdiction grounds where defendant did not appear and plaintiff sought default judgment). At least one judge in this district has dismissed a BitTorrent case *sua sponte* on personal jurisdiction grounds. *See Millenium TGA*, 2011 WL 7444064, at **1-3 (after severing other defendants, dismissing case against John Doe associated with an IP address located outside of Illinois); *see also CP Prods., Inc.* v. *Does 1-300*, No. 10 C 6255, 2011 WL 737761, at *1 (N.D. Ill. Feb. 24, 2011) (*sua sponte* dismissing claims against Doe defendants based on Rule 4(m) failure to serve, and noting "there is no justification for dragging into an Illinois federal court, on a wholesale basis, a host of unnamed defendants over whom personal jurisdiction clearly does not exist and–more importantly–as to whom [plaintiff]'s counsel could readily have ascertained that fact").

Although for the reasons stated above the court believes that personal jurisdiction will be found lacking for the vast majority of John Doe defendants, it is not necessary to dismiss them *sua sponte* at this time. The court instead exercises its discretion to deny discovery related to IP addresses located outside of Illinois. *See* Fed. R. Civ. P. 26(f) (providing the court authority to limit discovery); *Digiprotect USA Corp.* v. *Does 1-266*, No. 10 Civ. 8759(TPG), 2011 WL 1466073, at *3 (S.D.N.Y. Apr. 13, 2011) (permitting plaintiff to only seek discovery

8

of the identities linked to IP addresses for which a *prima facie* showing of personal jurisdiction could be made); *cf. Central States, SE & SW Areas Pension Fund* v. *Phencorp Reins. Co.*, 440 F.3d 870, 877 (7th Cir. 2006) (holding that *prima facie* case for personal jurisdiction is necessary before allowing discovery regarding the issue).

Flava may submit further evidence that the court has personal jurisdiction over the defendants related to the out-of-state IP addresses. If Flava is able to make a *prima facie* showing of long-arm jurisdiction over the owner of an out-of-state IP address, the court will allow discovery to proceed with respect to that IP address. Furthermore, Flava may not use any identifying information related to out-of-state IP addresses already obtained through subpoenas issued to other ISPs in this case without making a similar *prima facie* showing that this court has personal jurisdiction over the party.

## II.     Joinder

Rule 20 provides that multiple defendants may be joined in one action if (1) any right to relief "aris[es] out of the same transaction, occurrence, or series of transactions or occurrences" and (2) there will be a "question of law or fact common to all defendants" in the action. Fed. R. Civ. P. 20(a)(2). If a party is not properly joined, Rule 21 allows a court to add or drop the party or to sever a claim. Fed. R. Civ. P. 21. Courts have broad discretion under Rule 21. *See Chavez* v. *Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001). "At root, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties, and remedies is strongly encouraged.'" *First Time Videos* v. *Does 1-500*, 276 F.R.D. at 252 (quoting *United Mine Workers of Am.* v. *Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966)). Both Defendant X and the Objecting ISPs argue that

9

Flava's joinder of the Doe defendants in this action is improper because the claims against the defendants do not arise out of the same transaction or series of transactions.

Courts in this district and elsewhere are split on whether joinder is proper in BitTorrent cases where the plaintiff asserts that the defendants participated in the same download "swarm."[7] Although there are compelling arguments on both sides, the court is persuaded by the analysis set forth in *Malibu Media, LLC* v. *Does 1-6*, 291 F.R.D. 191 (N.D. Ill. 2013).

Independent actors may satisfy Rule 20's same-transaction test "when there is a logical relationship between the separate causes of action," such as "substantial evidentiary overlap in the facts giving rise to the cause of action against each defendant." *Id.* at 201 (quoting *In re EMC Corp.*, 677 F.3d 1351, 1358 (Fed. Cir. 2012)). Flava's allegations satisfy the same-transaction test. It has alleged that the defendants participated in a "swarm" that occurred over the course of one day and the facts giving rise to the cause of action are substantially similar for each defendant.

Flava also has satisfied the second prong of the Rule 20 joinder test. Common questions of law and fact include whether the copyright is valid and held by Flava, and whether entering a BitTorrent swarm constitutes copyright infringement.

---

[7] *Compare Malibu Media, LLC* v. *Does 1-68*, 2013 WL 5423872, at **3-5 (finding joinder improper); *Malibu Media, LLC* v. *Does 1-21*, No. 12 C 9656, 2013 WL 2458290, at **5-7 (N.D. Ill. June 6, 2013) (same); *Malibu Media, LLC* v. *Reynolds*, No. 12 C 6672, 2013 WL 870618, at *11 (N.D. Ill. Mar. 7, 2013) (same) *with Purzel*, 2013 WL 6797364, at *6 (permitting case to proceed with defendants joined); *TCYK, LLC* v. *Does 1-62*, No. 13 C 3842, 2013 WL 6671675, at **3-4 (N.D. Ill. Dec. 18, 2013) (same); *Zambezia Film Pty, Ltd.* v. *Does 1-65*, No. 13 C 1321, 2013 WL 4600385, at **4-5 (N.D. Ill. Aug. 29, 2013) (same); *reFX Audio Software, Inc.* v. *Does 1-111*, No. 13 C 1795, 2013 WL 3867656, at *3 (N.D. Ill. July 23, 2013) (same); *Malibu Media, LLC* v. *Does 1-6*, 291 F.R.D. at 205-06 (same); *Pac. Century Int'l* v. *Does 1-31*, No. 11 C 9064, 2012 WL 2129003, at **2-3 (N.D. Ill. June 12, 2012) (same); *First Time Videos, LLC* v. *Does 1-76*, 276 F.R.D. at 259 (same); *First Time Videos, LLC* v. *Does 1-500*, 276 F.R.D. at 251-53 (same); *MGCIP*, 2011 WL 2292958, at *2 (same).

In finding that Flava has satisfied the joinder requirements, the court is mindful of the aim of Rule 20 to further judicial efficiency. If, in the future, it is no longer efficient for the defendants to be joined, the defendants may file a motion for severance. Severance at this time is premature.

### III. Flava's Motions to Compel Objecting ISPs To Produce Identifying Information

In addition to the objections related to personal jurisdiction and joinder discussed above, the Objecting ISPs argue that Flava's subpoenas should be quashed in their entirety because they impose an undue burden and because Flava is engaging in unfair litigation tactics.

Under Rule 45, a court must quash or modify a subpoena if it subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3). The decision to quash lies in the sound discretion of the court. *United States* v. *Ashman*, 979 F.2d 469, 495 (7th Cir. 1992). "Any inquiry into whether the burden is undue requires a court to assess the benefit of the information to the requesting party, and thus the relevance of the subpoenaed information to the underlying case." *Pac. Century Int'l, Ltd.* v. *Does 1-37*, 282 F.R.D at 200 (citing *Deitchman* v. *E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 559 (7th Cir. 1984)). As discussed above, the court will quash the subpoenas as they relate to out-of-state IP addresses because Flava has not made a *prima facie* showing of personal jurisdiction over defendants associated with those IP addresses. However, the identifying information sought by Flava with respect to the in-state IP addresses is relevant and necessary to the prosecution of this case. Furthermore, the burden on the Objecting ISPs is minimized because Flava has identified only six Illinois IP addresses belonging to Comcast customers and no Illinois IP addresses belonging to Suddenlink customers. Thus, discovery

11

from Comcast with respect to the in-state IP addresses may proceed. The protections provided in the court's January 14, 2014 protective order (dkt. 54) shall apply.

The court acknowledges the concern that permitting discovery of identities related to IP addresses in this type of BitTorrent litigation, especially when related to pornographic media, may allow plaintiffs to use coercive tactics to shame defendants into settling even where the defendants have valid defenses. Thus, the court will limit the information that the ISPs must turn over to Flava to only include the name, physical address, and email address of the individual or individuals identified with each IP address.[8] *See Malibu Media, LLC* v. *Does 1-21*, 2013 WL 2458290, at *3 (finding scope of subpoena too broad and refusing to allow discovery of telephone numbers); *Pac. Century Int'l* v. *Does 1-31*, 2012 WL 2129003, at *3 (same). To the extent this conflicts with paragraph 3 of the court's protective order (dkt. 54), this order shall govern. In addition, the ISPs will provide notice to subscribers as required by 47 U.S.C. § 551(c)(2) before any information is turned over to Flava. With respect to the non-objecting ISPs, Flava has agreed that the notified subscribers will be given 30 days to object to the disclosure of information in this court. *Id.* The same rules and protections will apply with respect to discovery from Comcast.

Finally, the Objecting ISPs and Flava dispute the proper cost of compliance with the subpoena. Because Suddenlink is not the ISP for any IP addresses located in Illinois and thus will not be required to respond to a subpoena, the court will only address Flava's cost dispute with Comcast. Comcast requests compensation of $90.00 for each positive IP address

---

[8] If ISPs have responded to subpoenas with information beyond that set forth here, the court orders Flava to refrain from using the information for any purpose.

identification and $60.00 for each negative IP address identification. Flava argus that Comcast should "produce witnesses or proper declarations regarding its costs." (Dkt. 20 at 7.) Comcast provided an affidavit from a senior counsel in its Privacy and Law Enforcement division in support of its costs. (Dkt. 34, Ex. A.) The court has reviewed the declaration and is satisfied with Comcast's support for its requested costs. Flava will compensate Comcast $90 for each positive IP address identification and $60 for each negative identification.

IV.     **Defendant X's Motion to Dismiss and Motion for Protective Order**

Because the IP address putatively related to Defendant X is not located in Illinois, Flava will not be able to obtain or use any information it has obtained regarding that address. As the court did not go so far as to dismiss the claim against the IP address based on lack of personal jurisdiction or misjoinder, it will dispose of the remaining issues raised in Defendant X's motion to dismiss here.

Defendant X moves for dismissal based on an "unclean hands" theory–that Flava used the VUZE BitTorrent software outside its permitted use to obtain the IP addresses identified in this suit. This argument is premature at this time. *See Grochocinski* v. *Mayer Brown Rowe & Maw LLP*, 452 B.R. 676, 680 (N.D. Ill. June 30, 2011) ("unclean hands" argument premature at motion to dismiss stage); *ABN AMRO, Inc.* v. *Capital Int'l Ltd.*, 595 F. Supp. 2d 805, 851 (N.D. Ill. 2008) (improper to grant motion to dismiss on affirmative defense of unclean hands unless clear from face of complaint it is dispositive). If named as a defendant in this action, Defendant X will have the opportunity to raise this argument as an affirmative defense.

Finally, Defendant X requests a protective order barring disclosure of his identity during the pendency of the case. In similar cases, courts have granted requests to bar disclosure of

identifying information without prior authorization of the court. *See, e.g., Malibu Media, LLC v. Does 1-6*, 291 F.R.D. at 206-07. The court grants Defendant X's request. If Defendant X is named as a defendant in this suit, Flava shall identify it only by its IP address and Doe number until further order of the court.

## CONCLUSION

For the reasons set forth in this opinion, the court holds as follows:

(1) Flava may not pursue discovery related to any non-Illinois IP addresses. If Flava has obtained discovery relating to out-of-state IP addresses, it may not use the discovered information without making a *prima facie* showing that this court has personal jurisdiction over the party. Flava's time to serve the Doe defendants is extended to 120 days from the date of this order.

(2) Flava's motion to compel Comcast (dkt. 20), is granted. The subpoena is modified to limit the information that the ISPs must turn over to the name, physical address and email address of the individual or individuals identified with each IP address. Flava shall compensate Comcast for compliance at a rate of $90 for each successful IP address identification and $60 for each unsuccessful attempt.

(3) Flava's motion to compel Suddenlink (dkt. 21) is denied. Flava has not made a showing that any of the Illinois IP addresses belong to Suddenlink customers.

(4) Defendant X's motion to dismiss the complaint and for entry of a protective order (dkt. 29) is denied in part and granted in part. The complaint survives the motion to dismiss with respect to IP address 173.17.92.42. Flava may not release Defendant X's personal information without prior authorization of this court.

Date: January 21, 2014

_____
U.S. District Judge Joan H. Lefkow