**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FLAVA WORKS, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 12-cv-7869 |
| v. ) | |
| ) | Judge Joan Lefkow |
| JOHN DOES 1-293, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOHN DOE Y'S MOTION TO DISMISS AND/OR SEVER DEFENDANT DOE Y, AND TO QUASH THE CORRESPONDING SUBPOENA TO COMCAST, OR, IN THE ALTERNATIVE, FOR THE ENTRY OF A PROTECTIVE ORDER**

NOW COMES Plaintiff, FLAVA WORKS, by and through its attorneys, Katz Law Office, LTD., and in their Response to Defendant John Doe Y's Motion to Dismiss and/or Sever Defendant Doe Y, and to Quash the Corresponding Subpoena to Comcast, or, in the alternative, for the Entry of a Protective Order, state as follows:

1. Plaintiff filed its Complaint against Defendants.

2. Plaintiff at the time of filing did not have the names of the individual Defendants and filed subpoenas served upon Comcast to reveal the names of the individual Defendants though their IP addresses.

3. This Court ordered that Comcast reveal the identities of all John Does residing within the State of Illinois.

4. Defendant John Doe Y filed the instant motion on or about April 30, 2014 due to the subpoenas.

1

5. Plaintiff now files its Response to Defendant's instant motion.

## STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). Rule 12(b)(6) is read in conjunction with Federal Rule of Civil Procedure Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). The issue on a motion to dismiss for failure to state a claim does not depend upon whether or not the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. Gilligan v. Jamco Dev. Corp., 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416, U.S. 232, 236 (1974). However, "[a]lthough for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 129 S. Ct. at 1949-50 (quoting Twombly, 550 U.S. at 555).

A motion to dismiss under this section should not be granted unless it clearly appears that

no set of facts could *ever* be proved that would entitle the petitioner to recover. *Schons v. Monarch Ins. Co.*, 214 Ill. App. 3d 601 (1st Dist. 1991). All facts which are well pleaded are to be construed as true, as well as all reasonable inferences favorable to the nonmoving party which can be drawn from those facts. *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc*., 190 Ill. App. 3d 524 (2nd Dist. 1989). A plaintiff is not required to prove his case in the pleadings; rather, he must merely allege sufficient facts to state all the elements which are necessary to constitute his cause of action. *Inland Real Estate Corp. v. Tower Constr. Co.*, 174 Ill. App. 3d 421 (1st Dist. 1988).

## ARGUMENT

### PLAINTIFF COMPLAINT MEETS THE PLEADING REQUIREMENT AND THEREFORE SHOULD NOT BE DISIMISSED

Defendants erroneously states that Plaintiff did not allege Copyright Infringement in its Complaint. Defendant argues that the Plaintiff did not state facts in its Complaint. Pursuant to Federal Rules of Civil Procedure Rule 8(a), a pleading that states a claim for relief must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Defendant cited *Feist Publications, Inc. v. Rural Telephone Service Co., Inc*. in its argument regarding pleading requirements. Citing that same case, *Feist* stated that the elements to be proven in a copyright infringement case are "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." 499 U.S. 340, 361 (1991). The element requirements to be proven in any copyright infringement case stated in *Feist* mirrors that of 17 U.S.C. § 501(a)–(b).

Plaintiff in the instant case followed pleading requirements Defendant misinterprets the

law in *Feist*. Plaintiff alleged in its Complaint that it owned certain copyrighted works, and that the Defendant copied and distributed that work without the consent of Plaintiff by disseminating the "work" through certain Bit Torrent sites for others to copy. Defendant was identified of his participation of disseminating the work through his internet protocol address. ("IP address").

Bit Torrent sites allow users to share movies and other material. A user searches for a certain movie or other material uploaded by several sources and once the site finds the sources it allows the user to download from all the sources within the same time. This group of sources is call a "swarm". Once all the "bits of information" is collected, it is then organized in sequence for the downloader to view in its original form.

Plaintiff, in its complaint, stated that the IP address belonging to Defendant Y was identified in the "swarm" that uploaded and shared the subject copyright work owned by the Plaintiff and this was done without the consent of the Plaintiff.

Therefore, Plaintiff has properly stated a claim for copyright infringement by showing that it owned the subject copyrighted material and that Defendants copied and disseminated said copyrighted material.

### **PLAINTIFF PROPERLY ALLEGED FACTS FOR CIVIL CONSPIRACY**

Plaintiffs alleged a civil conspiracy in the instant case. A civil conspiracy giving rise to a cause of action for damages is defined as a combination of two or more persons to accomplish by concerted action either: (1) a lawful purpose by unlawful means, or (2) an unlawful purpose by lawful means. *Maimon v. Sisters of Third Order of St. Francis*, 142 Ill. App. 3d 306 (Ill. App. Ct. 3d Dist. 1986). The basis of the conspiracy is not the combination, but the wrongful act alleged to have been done in furtherance of the agreement that might result in liability. *Id*.

In the instant case, all defendants agreed to share the copyrighted material that is the subject of this litigation by uploading the material onto the Bit Torrent site and allowing users to download it without the consent of the Plaintiff. Even if the defendants did not speak to each other beforehand, the act of uploading the material on a site that they knew or should have known will send the information for the material for the use of others should be viewed as the agreement. All defendants knew or should have known how the Bit Torrent site works, and being armed with that knowledge, they still shared protected copyrighted work without the consent of the owner.

Therefore, Defendant's motion should be denied.

## **DEFENDANTS ARE PROPERLY JOINED IN THE INSTANT CASE**

Joinder is proper when the defendants are involved are part of "the same transaction, occurrence, or series of transactions or occurrences…". Fed. R. Civ. P. 20(a)(2)(A) Courts have been split on the issue of whether or not defendants in a BitTorrent case can be joined. A recent case from the Supreme Court addressed this exact issue. *Purzel Video GmbH v. Does 1-99*, No. 13 C 2501, Slip Op. (N.D. Ill. Aug. 16, 2013). This court held that the plaintiff was entitled to the information sought in the subpoenas and that the Doe defendants were not unduly burdened by the third-party subpoenas. *Id*. The court further stated that it was sufficient that the Does downloaded the same initial seed file intending to use other computers to download pieces of the copyrighted works and to allow the Doe's computer to be used by others in the swarm to download the same work. *Id*. While not all Does downloaded the files at the same time, **the Court was satisfied that the downloads occurred during the same month**. *Id*.

The instant case is similar to the above precedent case. The only difference in the instant case is that the downloaded files occurred during the ***same day***, not month. All defendants IP

5

addresses were identified in the "swarm". Without the identity of the Defendants, it is nearly impossible for Plaintiff to state with absolute facts that Defendant John Doe Y was the actual person involved in the "swarm", but Plaintiff can state with absolute fact that the IP address belonging to Defendant John Doe Y was involved in the "swarm". The above court stated that the fact that the customer associated with the identified IP address may not be the actual infringer was not a basis for quashing the subpoenas. *Purzel*, No. 13 C 2501, Slip Op.

Therefore, Defendant's motion should be denied based on the foregoing.

WHEREFORE, Plaintiff, FLAVA WORKS, pray this Honorable Court:

    A.    Deny all relief sought by Defendant;

    B.    Order that the identity of Defendant John Doe Y be turned over to Plaintiff;

    C.    Award any other relief this Court deems proper and just.

Respectfully submitted,

_s/ Juneitha Shambee_____
Attorneys for Plaintiff

Shambee Law Office, Ltd.
P.O. Box 91
Evanston, IL 60204-0091
(773) 741-3602
**Atty. No. 6308145**