IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FLAVA WORKS, INC., <br><br>        Plaintiff, <br>  v. <br><br>JOHN DOES 1-293, <br><br>        Defendants. | Case No. 12-cv-7869 <br><br> Hon. Joan Lefkow |

**DEFENDANT JOHN DOE Y'S REPLY IN SUPPORT OF HIS
MOTION TO DISMISS, MOTION TO SEVER DEFENDANT DOE Y,
AND TO QUASH ANY OUTSTANDING SUBPOENA TO HIS ISP**

Dismissal of the Complaint against Doe Y is the proper and prudent action for this Court to take rather than wasting the parties and this Court's time litigating Flavaworks' fatally flawed claims of copyright infringement and conspiracy. Flavaworks filed threadbare accusations of copyright infringement that do not present sufficient facts to make a plausible case that Doe Y actually copied any of Plaintiff's works. In addition, Doe Y is improperly joined with numerous others in this case. Finally, Plaintiff has not diligently worked to serve Doe Y, and accordingly, has not complied with Rule 4(m). As such, Flavaworks' Complaint should be dismissed.

I. ARGUMENT

    a. **Flavaworks' complaint falls far short of a plausible accusation that Doe Y copied any portion of Plaintiff's work**

Flavaworks attempts to argue that because it identified an IP address associated with Doe Y's Internet Service Provider as participating in a BitTorrent swarm that was distributing one of its works, it has presented a plausible case for copyright infringement against Doe Y. This is simply not correct. Rather, Flavaworks must plead sufficient facts to present a plausible case that Doe Y actually copied at least a portion of Plaintiff's protected work.

There are numerous facts that Plaintiffs typically plead in copyright infringement actions involving Bittorrent that Flavaworks has ignored. For example, Flavaworks has not pleaded 1) the Hash identifier associated with the portion of the work allegedly distributed by the relevant torrent swarm, 2) that Doe Y actually downloaded Hash Identifier as is needed to participate in a torrent swarm, or 3) that Flavaworks or its investigator actually was able to download even one byte of its work from the IP address associated with Doe Y. Without pleading the Hash Identifier corresponding to the torrent used to distribute Plaintiff's work, there is no way to identify the actual torrent, or to establish that Doe Y (or any other Doe) actually was part of the alleged torrent swarm. Without an allegation that Doe Y downloaded the required Hash Identifier, as can easily be made if Flavaworks had any evidence that Doe Y actually participated in the alleged torrent

swarm, there is no evidence that Doe Y was even interested in Plaintiff's work. *See generally Malibu Media v. John Does 1-68*, Case No. 12-6675 (N.D. Ill. 9-27-2013). Finally, without a factual allegation that Doe Y copied at least a portion of Plaintiff's work, Plaintiff has not pleaded a *plausible* claim of copyright infringement, and its claim should be dismissed. *Feist Publications v. Rural Telephone Service Company*, 499 U.S. 340, 361 (1999)(copyright owner must prove copying of constituent elements of the work to establish copyright infringement) , *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice).

In fact, Flavaworks' pleadings are even more deficient than those in the case of *Elf-Man v. Cariveau*, Case No. 13-507 (W.D. Wash. Jan. 17, 2014), where the Court granted a motion-to-dismiss filed by four defendants pursuant to Rule 12(b)(6). Similar to the *Cariveau* case, here Plaintiff admits that it "is nearly impossible for Plaintiff to state with absolute facts that [...] Doe Y was the actual person involved in the 'swarm[...]'" Response at 6. Rather, all that Flavaworks can allege is that an IP address associated with Doe Y was involved in a swarm. Flavaworks cannot allege that Doe Y actually participated in the "swarm," because an IP address can be used by many different persons. As the Court in *Cariveau* acknowledged:

> Identifying the account holder tells us very little about who actually downloaded [the work] using that IP address. As one court noted, "it is no more likely that the subscriber to an IP address carried out a particular computer function...than to say an individual who pays the telephone bill made a specific telephone call." <u>In re BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765</u>. 2012 WL 1570765, at *3 (E.D.N.Y. May 1, 2012). In fact, it is less likely. Home wireless networks are ubiquitous, meaning that a single IP address can simultaneously support multiple computer devices throughout the home and, if not secured, additional devices operated by neighbors or passersby. Thus, the risk of false positives is very real. <u>Digital Sin, Inc. v. Does 1-176</u>, 279 F.R.D. 239, 243 (S.D.N.Y. 2012). It is not clear that Plaintiff could, consistent with its obligations under Fed. R. Civ. P. 11, make factual contentions regarding an internet subscriber's infringing activities based solely on the fact that he or she pays the internet bill.

*Cariveau* at 2.

As in *Cariveau*, Flavaworks has done nothing to suggest that Doe Y, rather than another person in his house, one of Doe Y's neighbors, or even a passerby was responsible for the identified IP address being part of the torrent swarm. In and of itself, this defect is fatal. *Cariveau* at 4-5("Plaintiff's complaint does not raise a *plausible* inference that any of the named defendants are liable for direct [...] copyright infringement. In the fact sections of the complaint, Plaintiff carefully refrains from alleging that the owners of the IP address [...] are the ones who utilized the internet access to download the copyrighted material."). As Plaintiff has not pleaded a plausible claim of copyright infringement, that claim should be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(to survive a motion to dismiss a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face).

### b. Plaintiff's claim for civil conspiracy is preempted by the Copyright Act

Plaintiff effectively admits that its conspiracy claim seeks to remedy the same alleged wrong as its copyright claim; i.e., "all defendants agreed to share the *copyrighted* material that is the subject of this litigation by uploading the material onto the Bit Torrent site[1] and allowing users to download it without the consent of the Plaintiff." Response at 5. In fact, to the best knowledge of counsel, every Court within the Northern District of Illinois has considered a civil conspiracy claim based on an underlying claim of copyright infringement has been dismissed. *See Purzel Video GMBH v. Does 1-108*, Case No. (N.D. Ill. 12-19-2013) at 12; *Brown v. Arc Music Group*, 830 F. Supp.2d 501, 509-510 (N.D. Ill. 11-22-2011); *Evan Law Group v. Taylor*, Case No. 9-4896 (N.D. Ill. 12-9-2010) at 19 (any conspiracy based on copying the "master list" is preempted); *Stereo Optical v. Judy*, Case No. 8-2512 (N.D. Ill. 9-8-2008) at 9 (conspiracy claims for concerted copyright infringement and concerted trade secret misappropriation preempted); *Do it Best v. Passport Software*, Case No. 1-7674 (N.D. Ill. 3-31-2005) at 27; and *Higher Gear Group v.*

---

[1] This statement is somewhat nonsensical, in that BitTorrent does not rely on a "site" to upload data to.

*Rockenbach Chevrolet Sales*, 223 F. Supp.2d 953, 960 (N.D. Ill. 8-19-2002).[2] In addition, the only Circuit that has considered this issue has found that a civil conspiracy claim is preempted when the underlying conduct is essentially an accusation of copyright infringement. *Tire Engineering and Distribution v. Dobowi*, 682 F.3d 292, 311-312 (4th Cir. 2012).

### c. All Defendants but that with IP Address 184.78.13.153 should be severed and dismissed from this case

For the reasons stated in Doe Y's motion to dismiss, all Defendants but that with IP Address 184.78.13.153 should be severed and dismissed from this case. In addition, there is no competent evidence that the listed defendants actually participated in the same torrent swarm. While Plaintiff has pleaded that all of the activity was recorded as occurring on the same day for the same work, it is possible (and even likely) that many different torrent swarms were dedicated to distributing the same work at the same time. As Plaintiff did not plead the Hash Identifier associated with the torrent (or torrents), there is no way to verify that the various Does actually participated in the same swarm. Given that the Hash Identifier is recognized as an important piece of evidence in Bittorrent cases, and as such is commonly pleaded, the inference is that the various Does actually participated in different torrent swarms. *Malibu Media v. John Does 1-68*, Case No. 12-6675 (N.D. Ill. 9-27-2013) at 6 (proper joinder requires that Plaintiff establish all defendants participated in the same torrent swarm at the same time).

### d. Doe Y should also be dismissed pursuant to Fed. R. Civ. P. 4(m)

On January 21, 2014, this Court extended the time for Flavaworks to serve Defendants to May 21, 2014 (120 days from January 21, 2014). There has been no showing of diligence by Plaintiff; indeed, it

---

[2] For the sake of completeness, counsel for Defendant located several California cases, out of a total of more than one hundred cases, where a civil conspiracy claim was not dismissed as preempted by a pendant copyright infringement claim. *See Pacific Century International v. Does 1-48*, Case No. 11-3823 (N.D. Cal. 10-7-2011); *First Time Videos v. Does 1-95*, Case No. 11-3822 (N.D. Ill. Oct. 7, 2011); *Openmind Solutions v. Does 1-39*, Case No. 11-3311 (N.D. Cal. 10-7-2011). *Pacific Century* at 6; *First Time Videos* at 6; and *Openmind Solutions* at 6. These three opinions, by the same Northern District of California Judge, considered the issue of whether to issue early discovery so that the identities of anonymous defendants could be uncovered. While the Court did not dismiss the conspiracy claims outright, even in these cases, the Court stated that "there is some doubt as to the viability of Plaintiff's civil conspiracy claim." *Id.*

appears that Plaintiff had a dispute with its former counsel, and did not diligently pursue this matter. As the date fixed by this Court for Plaintiff to effect service has now long passed, and Plaintiff has not put forth any good reason for missing this date, Plaintiff's complaint should be dismissed for failing to comply with Rule 4(m).

      e. **As the Complaint against Doe Y should be dismissed, the subpoena to his ISP should be quashed**

If the Court rules that the Complaint against Doe Y should be dismissed, Flavaworks would no longer have any cause to obtain his identity via a subpoena to Comcast. Accordingly, the subpoena seeking Doe Y's identity should be quashed.

## II. CONCLUSION

For the foregoing reasons, Doe Y requests that the Complaint against him should be dismissed. In particular, Plaintiff failed to plead a proper claim of copyright infringement against Doe Y, as it did not plead that <u>Doe Y</u> actually copied even one byte of Plaintiff's work. In addition, the conspiracy claim against Doe Y is preempted by the copyright act. Similarly, joinder of Doe Y with the other Illinois defendants is improper, and the time to serve Doe Y has already long passed.

                                                                                         Doe Y

Date:   June 18, 2014                                              By:    /s/ Konrad Sherinian
                                                                                An attorney for Defendant

Konrad Sherinian
E-Mail: ksherinian@sherinianlaw.net
Depeng (Edward) Bi
E-Mail: ebi@sherinianlaw.net
THE LAW OFFICES OF KONRAD SHERINIAN, LLC
1755 Park Street, Suite # 200
Naperville, Illinois 60563
Telephone: (630) 318-2606
Facsimile: (630) 318-2605