**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Flava Works, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 12 C 7869 |
| | ) | |
| vs. | ) | Judge Joan H. Lefkow |
| | ) | |
| John Does 1-293, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff's motion for judgment by default against William Johnson (dkt. 93) is granted. The Clerk is directed to enter judgment in favor of Flava Works, Inc. and against William Johnson, in the amount of $750. Costs are awarded to plaintiff.

**STATEMENT**

Flava Works, Inc. (Flava Works) filed this copyright infringement suit in the Northern District of Illinois against a number of John Doe defendants identified only by IP addresses, subpoenaed Internet service providers to identify the individuals associated with the IP addresses, then served those individuals with process.[1] Plaintiff has identified one of those individuals as William Johnson.

     Flava Works seeks entry of a judgment by default against Johnson for statutory damages authorized at 17 U.S.C. § 504(c) and injunctive relief authorized by 17 U.S.C. § 502(a). Flava Works demonstrates that Johnson was served at his residence on December 20, 2014, and that he has failed to appear and defend. A default judgment establishes as a matter of law "that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Elec. Mfg. Co.* v. *Toronado Sys. of Am., Inc.,* 687 F.2d 182, 186 (7th Cir.1982). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co.* v. *Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Scott* v. *Peterson*, No. 09 C 1633, 2010 WL 3173001, at *2 (N.D. Ill. Aug. 11, 2010). Damages, however, must be proved. *Dundee*, 722 F.2d at 1323; *Scott*, 2010 WL 3173001, at *2. Venue is therefore proper under 28 U.S.C § 1391.

     Flava Works's pleading asks for statutory damages "for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally." (Dkt. 103 at3.) Statutory damages may exceed actual damages in order to compensate for lost profit and reparation for injury, and to discourage wrongful conduct. *See F. W. Woolworth Co.* v.

---

[1] This court has jurisdiction over this copyright action under 28 U.S.C. § 1338(a).

*Contemporary Arts, Inc.*, 344 U.S. 228, 233, 73 S. Ct. 222, 97 L. Ed. 276 (1952). "The district court is accorded wide and almost exclusive discretion in determining the size of the statutory damage award." *Broad. Music, Inc.* v. *Star Amusements, Inc.*, 44 F.3d 485, 488 (7th Cir. 1995) (quoting *Video Views, Inc.* v. *Studio 21, Ltd.*, 925 F.2d 1010, 1017 (7th Cir. 1991). If the award exceeds the minimum statutory award, a district court is expected to "provide *some* explanation of the factual findings that underlie this exercise of discretion." *Id.* (quoting *Video Views*, 925 F.2d at 1017).

The court infers, because Flava Works filed separate motions for judgment against the various defendants, that it seeks damages individually. Since Johnson's default results in admission of the allegations of the complaint, statutory damages can be awarded. As to the amount of statutory damages, the court finds no reason to exceed the statutory minimum. A judgment in the amount of $750 is sufficient to compensate for lost profit due to Johnson's conduct and to discourage further wrongful conduct because (1) the judgment is far greater than the price of the video; (2) the judgment will accrue interest as long as it is not paid; and (3) a judgment will likely affect Johnson's credit rating.

Date:  May 11, 2016

_____
U.S. District Judge Joan H. Lefkow