IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FLAVA WORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 7869 |
| | ) | |
| v. | ) | |
| | ) | |
| DEREALD D. MEANS (a/k/a John Doe Y), | ) | Judge Joan H. Lefkow |
| | ) | |
| Defendant. | ) | |

## ORDER

Statutory damages are awarded in favor of plaintiff Flava Works, Inc., and against defendant Dereald D. Means in the amount of $5,000. Plaintiff is entitled to its costs and a reasonable attorney's fee. Plaintiff shall comply with LR 54.3(d)(5) in submitting support of an award of fees, which shall be filed on or before January 30, 2017. See Statement.

## STATEMENT

Plaintiff Flava Works, Inc. has moved for judgment against an individual identified in this litigation as John Doe Y, a pseudonym for Dereald D. Means. Means was served by publication on October 23, October 30, and November 6, 2015. He failed to answer or otherwise plead to the complaint. The court entered default on August 2, 2016. (Dkt. 142.) Flava Works now seeks entry of judgment against Means for statutory damages authorized at 17 U.S.C. § 504(c).

A default judgment establishes as a matter of law "that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint." *Breuer Elec. Mfg. Co.* v. *Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982). "Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true." *Dundee Cement Co.* v. *Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983); *Scott* v. *Peterson*, No. 09 C 1633, 2010 WL 3173001, at *2 (N.D. Ill. Aug.11, 2010). Damages, however, must be proved. *Dundee*, 722 F.2d at 1323; *Scott*, 2010 WL3173001, at *2.

As summarized in *Disney Enterprises* v. *Farmer*, 427 F. Supp. 2d 807, 816-17 (E.D. Tenn. 2006) (citations and quotation marks omitted),

> District courts have wide discretion in setting damages within the statutory range set forth in § 504(c)(1). Courts may consider several factors in determining statutory damages including: the expenses saved and profits reaped by the defendants in connection with the infringements, the revenues lost by the plaintiffs as a result of the defendants' conduct, and the infringers' state of mind

whether willful, knowing, or merely innocent. In awarding statutory damages, courts may also consider the goal of discouraging wrongful conduct. Merely awarding statutory damages in the amount of the profits from a copyright infringement would do little to discourage infringers and it would not be an effective sanction for enforcement of the copyright policy. . . . A plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by the plaintiff or of the profits reaped by defendant. Courts have particularly recognized a copyright owner's option to request statutory damages when neither the owner's actual damages nor the infringer's profits are ascertainable or are difficult to calculate. The option of electing statutory damages is especially appropriate where the information needed to establish an exact measure of actual damages is within the infringers' control and often is not fully disclosed.

Flava Works's principal, Phillip Bleicher, represents that plaintiff's copyrighted video, *Thugboy Volume 11 – Running from the Dick*, has been pirated by members of a file-sharing website known as GayTorrents.net. Flava Works has identified 293 IP addresses, including one linked to Means, which it claims are members who participated in sharing a file for *Thugboy Volume 11*. Bleicher attests that *Thugboy Volume 11* was posted on August 29, 2012 on GayTorrents.net, that the video has been shared and viewed at least 9,775 times and that the average price of the video is $35 online and in retail stores, and about $20 video-on-demand. He calculates that Flava Works has lost "possible" revenue as a result of the defendants' conduct in the amount of $195,402 from video-on-demand sales, $37,852 from DVD sales, and $681,328 in loss of website memberships in its Thugboy.com website, a total of $914,582. Bleicher does not document his representations and admits that these are potential losses. Nonetheless, the court accepts Bleicher's calculations as a baseline for assessing statutory damages appropriate to Means.

Obviously, the 293 file-sharers and thousands of other viewers are not necessarily people who would have paid $35 to view *Thugboy Volume 11* but more likely are people who merely took advantage of the opportunity to view it for nothing. Neither can it be assumed that all of the revenue generated would be profit to Flava Works. Moreover, Means is but one of 293 infringers, so he is certainly not responsible for all of the lost revenue claimed (his proportional share would be only $3,121). On the other hand, a substantial judgment may be effective to deter Means from this type of conduct. Bleicher, however, has provided no information that would indicate the circumstances of Means (Is he a teenager? A stock broker? A pensioner?), so the court lacks any guidance as to what would be a judgment sufficient to deter him.

Taking all factors into account, the court concludes that damages in the amount of $5,000 against Means is a reasonable compensatory award. Because it is widely known that file-sharing as claimed in the complaint is illegal and it would not have been done unknowingly, the court

finds that Means acted willfully and will award a reasonable attorney's fee to plaintiff for the time spent addressing its claim against Means.

Date: December 9, 2016

_____
U.S. District Judge Joan H. Lefkow